UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION
2017 TERM

BOARD OF TRUSTEES OF THE
INDIANA LABORERS WELFARE FUND,
    Plaintiff,

VS.                                      CAUSE NO. 2:17-cv-507

PACIFIC PALMS RECOVERY, LLC
    Defendant.

## COMPLAINT FOR EQUITABLE RELIEF AND ENFORCEMENT OF EMPLOYEE WELFARE BENEFIT PLAN

Comes now the Plaintiff, Board of Trustees of Indiana Laborers Welfare Fund (the "Fund") by and through its attorney, Richard J. Shagley II, of the law firm Wright, Shagley & Lowery, P.C., and for its cause of action against the Defendant, Pacific Palms Recovery, LLC, ("Pacific") alleges and says:

### Jurisdiction

1. This Court has subject matter jurisdiction over this civil action based upon Section 502 of the Employee Retirement Income Security Act of 1974, specifically codified at 29 U.S.C. §1132(a)(3), in that the Plaintiff is a fiduciary seeking to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan". 29 U.S.C. §1132(a)(3).

2. The Fund is a self-funded "employee welfare benefit plan" as defined by 29 U.S.C.A. § 1002; was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or

benefits, or benefits in the event of sickness, accident, disability, death or unemployment; its principal place of business is the administrative office located at 413 Swan Street, Terre Haute, IN 47807; and brings this action on behalf of the trustees, participants and beneficiaries.

3. Defendant, Pacific Palms Recovery, LLC is a California Limited Liability Company headquartered at 3551 Camino Mira Costa, Suite T, San Clemente, CA 92672.

4. Pursuant to 29 U.S.C. § 1132(e), the federal district courts of the United States have exclusive jurisdiction over this type of action, which may be filed in any district where the fund is administered. This Court is the proper venue for this action, as the Fund is administered in Terre Haute, Indiana with its office is located at 413 Swan Street, Terre Haute, IN 47807.

## Facts

5. The Fund provides benefits to its participants in accordance with the terms of its Combination Plan Document and Summary Plan Description (the "Plan").

6. Pacific provided treatment/products/services to E.F. between February 1, 2016 and February 8, 2016 and submitted claims to the Fund on behalf of E.F. These claims were processed through the Fund's claims administrator, Anthem.

7. Upon reviewing its files, the Fund detected that the claims submitted by the Defendant were paid with an incorrect discount amount and were not paid in accordance with the terms of the Plan and as such, constitute an erroneous overpayment of benefits under the Plan in the sum of $1,696.10.

8. The Fund is entitled to recover these overpaid benefits from the Defendant pursuant to the Section 8.15 of the Plan and also under 29 U.S.C. § 1132(a)(3), which states in relevant part:

> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> **(1)** by a participant or beneficiary--
> **(A)** for the relief provided for in subsection (c) of this section, or

>   **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>   **(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>   **(3)** <u>by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan</u>;

29 U.S.C.A. § 1132 (emphasis added). A copy of Section 8.15 of the Plan is attached hereto, incorporated herein by reference and designated Exhibit "A".

10.   Plaintiff has formally requested a return of the overpaid benefits but Defendant has failed to return any portion thereof and remains liable thereon.

11.   Pursuant to 29 U.S.C. 1132(g), the Court in its discretion may allow a reasonable attorney's fee and costs of action incurred by Plaintiff in bringing this action against the Defendant.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the sum of One Thousand Six Hundred Ninety-Six Dollars and 10/100 ($1,696.10) plus prejudgment interest, reasonable attorney fees, the costs of this action and for all other just and appropriate relief in the premises.

        Respectfully submitted,

        WRIGHT, SHAGLEY & LOWERY, P.C.
        500 Ohio Street
        P.O. Box 9849
        Terre Haute, IN 47808
        Phone:   (8l2) 232-3388
        Fax #:   (812) 232-8817


        By: <u>/s/ Richard J. Shagley II</u>
         Richard J. Shagley II (#23135-84)
          Attorney for Plaintiff